OPINION OF THE COURT
RENDELL, Circuit Judge.
This appeal raises a single issue: whether a district court may reduce a defendant’s sentence under 18 U.S.C. § 3582(c)(2), the statutory provision allowing a court to reduce a sentence which is “based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” when that sentence is imposed pursuant to a binding plea agreement. The District Court concluded that enforcement of the stipulated sentence was mandatory; defendant Jose Perez-Cordero appealed.[1] We conclusively resolved the issue in United States v. Sanchez, holding, “If ‘binding’ is to have meaning, it cannot be undone by the discretionary possibility of a different sentence under § 3582(c).” 562 F.3d 275, 282 (3d Cir.2009).
Here, Perez-Cordero stipulated to the sentence imposed in a binding plea agreement under Fed.R.Crim.P. 11(c)(1)(c), the validity of which is undisputed.[2] Accordingly, we will AFFIRM the order of the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

. Perez-Cordero also contends that the District Court should have conducted a hearing on whether a sentence reduction was appropriate under § 3582(c)(2). Because a sentence reduction was not permissible here, Perez-Cordero suffered no prejudice from the District Court's refusal to hold a hearing.